UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARA COLEMAN,

        Plaintiff,

v.                                CIVIL NO. 06-10366
                                HON. LAWRENCE P. ZATKOFF

MAXWELL SHOE COMPANY, INC.,
and J.C. PENNEY CORP.,

        Defendants.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 20, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendant Maxwell's motion for summary judgment [dkt 31]. Plaintiff has responded, and Maxwell has replied to the response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, Maxwell's motion is DENIED.

### II. BACKGROUND

On June 15, 2004, Plaintiff went shopping at Defendant J.C. Penney's store in Westland, Michigan. Plaintiff saw the "Mootsie Tootsie" sandal shoe on display, and asked the sales clerk to

bring her a size 8-1/2. The "Mootsie Tootsie" shoe is manufactured by Defendant Maxwell. The shoes are held in place by a strap that runs across the toes. Plaintiff purchased the shoes and brought them home. Two days later, the strap on the left shoe broke as Plaintiff was walking down a staircase in her home. Plaintiff fell down the stairs, sprained her left ankle, and tore the rotator cuff in her left shoulder.

Plaintiff returned the shoes to J.C. Penney. An employee refunded the purchase price, and took a picture of the unbroken right shoe, and Plaintiff's injured foot. The employee also filled out a claim form. J.C. Penney retained the shoes, and placed them in the loss prevention office. However, at some point the shoes were either moved or disposed of, and J.C. Penney does not know where they currently are. Maxwell has produced an exemplar shoe based on the information in the claim form. However, the exemplar has a back strap, and Plaintiff claims the shoe she purchased did not have a back strap.

Plaintiff brought claims of negligence and breach of implied warranty against J.C. Penney and Maxwell. The case was originally filed in Wayne County Circuit Court, and removed to federal court on the basis of diversity jurisdiction. The Court previously granted J.C. Penney's motion for summary judgment, and will now address Maxwell's motion for summary judgment.

### III. LEGAL STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Them moving party bears the initial burden of demonstrating the absence of any genuine

issue of material fact, and all inferences should be made in favor of the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To support its motion, the moving party may show "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. While all inferences must be drawn in favor of the nonmoving party, this Court is under no obligation to imagine favorable facts where the nonmoving party has alleged none. "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### IV.  ANALYSIS

Maxwell argues that it is entitled to summary judgment because Plaintiff has not produced evidence linking Maxwell to the alleged defect in the shoe. Maxwell argues that Plaintiff cannot rely on *res ipsa loquitur*, because the shoe was not under Maxwell's exclusive control at the time of Plaintiff's injury. Maxwell relies on *Marderosian v. Stroh Brewery Co.*, 123 Mich. App. 719 (1983). In *Marderosian*, the plaintiff worked as a busboy at a restaurant. A bottle of beer exploded in the plaintiff's hand as he removed it from a case, severely damaging his nose and eye. The bottle was subsequently lost by the plaintiff's attorney. The plaintiff brought product liability claims against the brewery that produced the bottle.

The Michigan Court of Appeals affirmed the trial court's dismissal of the case. The court held that

> Plaintiff produced some evidence of a defect in the bottle leading to the explosion; however, there was inadequate proof to connect the defect with the defendant. Plaintiff's showing of careful handling of the bottle after its arrival at the restaurant and his own care in removing the bottle from its case does not extend far enough to

>trace the defect to the defendant. The alleged defect could easily have been caused by someone handling the bottles after they left defendant's custody and control. The bottle or the case containing the bottle could have been dropped or kicked by the distributor before delivery to the restaurant.

*Id.* at 725-26.

Maxwell argues that, as in *Marderosian*, there is no evidence linking it to any alleged defect in the shoe. Maxwell notes that the shoes may have been damaged in transit to J.C. Penney. The shoe may also have been damaged by other shoppers at J.C. Penney. Maxwell also argues that the photograph taken of Plaintiff's foot in the right shoe shows that her feet were too big for the shoes. Maxwell's Exh. D.

In response, Plaintiff argues that the facts of this case are very different from those of *Marderosian*. Plaintiff notes that bottles of beer are more likely to be damaged through transport than a shoe, and that dropping or kicking a box containing a shoe would not cause a strap on the shoe to break. Plaintiff also claims that the shoes fit when she purchased them, and that the photograph relied on by Maxwell may not be of her foot.

The court agrees that the facts of the instant case are inapposite to those of *Marderosian*. In *Marderosian*, the plaintiff was responsible for the disappearance of the allegedly defective product. In the instant case, it is not Plaintiff's fault that the shoe is unavailable. Furthermore, Plaintiff has identified a specific defect in the shoe: the toe strap. Plaintiff claims that the shoe fit her, and that the strap inexplicably broke two days after she purchased the shoe. Although Maxwell claims the shoe did not fit Plaintiff, the Court must not weigh the evidence at the summary judgment stage, and must draw all inferences in favor of the nonmoving party.

Although *res ipsa loquitur* does not apply, because the shoe was not under Maxwell's exclusive control, Plaintiff may use circumstantial evidence to prove that her injury resulted from

a defect attributable to Maxwell.  As noted above, Plaintiff claims that the shoe fit her, and that the strap inexplicably broke two days after she purchased the shoe.  Thus, there is a reasonable probability that there was a defect in the strap that caused it to break.  Maxwell argues that other customers trying on the shoe could have damaged it.  However, Plaintiff is not required to submit evidence disproving all other possible causes of the defect.  *See Holloway v. General Motors Corp.*, 399 Mich. 617, 636 (1978).  In addition, "[q]uestions of comparative probability are to be resolved by the trier of fact."  *Id.* at 622.

The Court finds that there is a genuine issue of material fact regarding whether Plaintiff's injury was caused by a manufacturing defect in the shoe.  Thus, Maxwell is not entitled to summary judgment.

## V.  CONCLUSION

For the above reasons, Maxwell's motion for summary judgment is DENIED.

IT IS SO ORDERED.

                                                  s/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE

Dated:  February 20, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 20, 2007.

                                                  s/Marie E. Verlinde
                                                  Case Manager
                                                  (810) 984-3290