UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARA COLEMAN,

        Plaintiff,

v.                                            CIVIL NO. 06-10366
                                            HON. LAWRENCE P. ZATKOFF

MAXWELL SHOE COMPANY, INC.

        Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 27, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court pursuant to a "Notice of Non-Party Fault" ("Notice") filed by Defendant Maxwell Shoe Company ("Maxwell") (Docket #37), together with a "Motion for Direction with Respect to Defendant Maxwell Shoe Company's Notice of Non-Party Fault" ("Motion for Direction") filed by Plaintiff (Docket #38). Maxwell filed a response to Plaintiff's Motion for Direction. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the matter before the Court be resolved on the briefs submitted.

**II. BACKGROUND**

On June 15, 2004, Plaintiff went shopping at the J.C. Penney's store in Westland, Michigan. Plaintiff saw the "Mootsie Tootsie" sandal shoe on display, and asked the sales clerk to bring her a size 8-1/2. The "Mootsie Tootsie" shoe is manufactured by Maxwell. The shoes are held in place by a strap that runs across the toes. Plaintiff purchased the shoes and brought them home. Two days later, Plaintiff claims the strap on the left shoe broke as she was walking down a staircase in her home. Plaintiff fell down the stairs, sprained her left ankle, and tore the rotator cuff in her left shoulder.

On November 3, 2005, Plaintiff filed the instant action, alleging negligence, breach of implied warranty and violation of the Michigan products liability statute against J.C. Penney and Maxwell. On February 20, 2007, the Court granted J.C. Penney's motion for summary judgment and dismissed Plaintiff's cause of action against J.C. Penney. On the same date, the Court denied Maxwell's motion for summary judgment. Subsequent to the Court's dismissal of J.C. Penney, Maxwell filed its Notice of Non-Party Fault.

### III. ANALYSIS

Maxwell desires that the jury in this case be (1) instructed on the issue of J.C. Penney's fault for Plaintiff's injuries, and (2) asked to determine the percentage of liability to be allocated to J.C. Penney. In this diversity case, Maxwell relies on M.C.L.A. §600.2957(1), which provides:

> (1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304, in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.

As Maxwell notes, the legislative history reveals that the intent of the statute was to eliminate a named defendant from shouldering all of the liability (including that of non-parties) simply because the defendant was the only person against whom a plaintiff filed suit. In other words, the purpose of the statute was to ensure that a defendant paid only for that share of the fault attributable to him under the comparative negligence system. *See* House Analysis Section, House Bill 4508 (Substitute H-6), First Analysis (4-27-95), p.3.

In this case, however, J.C. Penney was named as a defendant and the Court addressed J.C. Penney's liability in deciding that J.C. Penney was entitled to summary judgment. As J.C. Penney was named as a party in this case, it belies common sense that J.C. Penney can be viewed as a non-party. More significantly, the Court ruled that Plaintiff has no cause of action against J.C. Penney, as a matter of law. As such, this Court finds that J.C. Penney cannot be named as a nonparty at fault for purposes of allocation of the percentage of fault in Plaintiff's negligence, breach of implied warranty and products liability claims. *See Jones v. Enertel, Inc.*, 254 Mich.App. 432 (2002), *leave to appeal denied,* 469 Mich. 955 (2003), *reconsideration denied,* 469 Mich. 955 (2004).

The Court is not persuaded by Maxwell's argument that the fault of J.C. Penney should be a triable issue because Plaintiff's appellate rights against J.C. Penney have not run (and, therefore, if Plaintiff were to prevail on appeal, the fault of J.C. Penney would again be at issue but Maxwell already would have borne the full brunt of the jury's verdict). The Court will proceed to trial with circumstances as they exist. For now, that means that Maxwell is potentially liable and J.C. Penney is not. Moreover, (1) if a jury finds in favor of Plaintiff in the action against Maxwell, and (2) Plaintiff appeals this Court's grant of summary judgment to J.C. Penney, the Court would consider a stay of judgment against Maxwell until such time as the issue of liability against J.C. Penney is

determined.

## IV. CONCLUSION

For the above reasons, the Court GRANTS Plaintiff's Motion for Direction. The Court will not instruct the jury on the issue of allocation of fault against J.C. Penney, nor will the jury verdict form include a question requiring the jury to determine the percentage of fault to be assessed against J.C. Penney.

IT IS SO ORDERED.

                                          s/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated: September 27, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 27, 2007.

                                          s/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290