UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARA COLEMAN,

    Plaintiff,

                                      CASE NO. 06-10366
vs.                                   HON. LAWRENCE P. ZATKOFF

MAXWELL SHOE COMPANY, INC.

    Defendant.
    _____/

## OPINION AND ORDER

At a session of said Court, held in the
United States District Court in Port
Huron, Michigan on September 15, 2008

PRESENT:    LAWRENCE P. ZATKOFF
                     United States District Court Judge

## I. INTRODUCTION

On May 7, 2007, this case proceeded to case evaluation, pursuant to which an award of $30,000.00 was recommended for Plaintiff. Plaintiff and Defendant both rejected the recommended award and the case proceeded to trial before the Court and a jury. The jury rendered a verdict of no cause in favor of Defendant. Defendant has filed a Motion for Case Evaluation Sanctions (Docket #54) pursuant to MCR 2.403(O)(1), which provides that if one party rejects case evaluation and the opposing party also rejects the evaluation, the opposing party "is entitled to costs only if the verdict is more favorable to that party than the case evaluation." In this case, the verdict is more favorable to Defendant than the recommended case evaluation award that both parties rejected. Plaintiff has responded to Defendant's Motion. For the reasons set forth below, Defendant's Motion is granted, although in a lesser amount than Defendant requested.

## II. ANALYSIS

Defendant asks the Court to award attorney fees in the amount of $24,555.00. The attorney fees sought by Defendant are based on billing rates of (1) $150.00 an hour for 116.10 hours of work performed by Richard P. Smith, the trial attorney in this matter, (2) $150 an hour for 38.70 hours of work performed by Rebecca S. Austin, an attorney in Mr. Smith's firm, and (3) $75 an hour for 17.80 hours of work performed by Dana M. Martin, a paralegal in Mr. Smith's firm. As (a) an attorney with over 20 years of experience, (b) a partner in his law firm, and (c) a member of the bar with extensive trial experience, the Court concludes that the rate of $150 an hour for Mr. Smith is a reasonable rate for Defendant to seek in this products liability action. The Court also concludes that the billing rates for Ms. Austin and Ms. Martin, neither of which are challenged by Plaintiff, are reasonable in light of their positions. The Court now turns to the number of hours for which Defendant seeks to recover attorney fees.

Plaintiff argues that Defendant's claim for attorney fees for 172.60 hours billed by defense counsel is unreasonable, excessive and not properly recoverable. As the Michigan Supreme Court has held, there must be a causal nexus between the rejection of the case evaluation award and the attorney fees incurred, such that the prevailing party is only entitled to fees "necessitated by" the rejection of the case evaluation award by the other party. *Haliw v. City of Sterling Heights,* 471 Mich. 700, 710 (2005). For that reason, the Court agrees with Plaintiff's contention that Defendant's attempt to recover for the following matters are not properly recoverable:

1. 5.8 hours for matters related to indemnification claims against former defendant JC Penney Corporation, a party that was dismissed prior to the case evaluation being conducted.

2. 1.1 hours for matters related to Plaintiff's response to Defendant's motion for summary judgment, again a matter that preceded the case evaluation.

In addition, the Court agrees with Plaintiff's contention that some of the fees sought by Defendant are excessive and not properly awardable in light of the work performed, as follows:

- A. 2.2 hours of the 6.2 hours claimed for appearance at the final pre-trial conference in June 2007. The Court finds that allotting 4 hours to Defendant for driving to and from Detroit to Port Huron, plus an hour and one-half for the time spent at the courthouse waiting for and/or participating in the final pre-trial conference, is reasonable.

- B. 3.6 of the 4.6 hours claimed for time spent on the trial brief submitted by Defendant. The Court finds that the issues presented therein are substantively similar (and at times identical) to the issues set forth in the Final Pre-Trial Order submitted by the parties.

- C. 4.8 of the 14.8 hours spent preparing trial exhibits. In reviewing the volume and nature of the exhibits (20 records and photographs), the Court finds that an average of ½ hour per exhibit is a reasonable allotment of time for preparation of such exhibits. The reduction of 4.8 hours is at the rate of $75/hour because the vast majority of the work performed in preparation of trial exhibits was by a paralegal.

- D. 2.0 of the 4.7 hours of legal research performed by a non-trial attorney during the course of the trial on an evidentiary issue. Although the Court cannot agree with Plaintiff's contention that Defendant should be able to recover for work performed by a non-trial attorney, the Court also finds that the legal issue was an isolated one and that 2.7 hours was a reasonable period to devote to such efforts.

Plaintiff also asks the Court to deny Defendant's request for 2.9 hours for the "Preparation of Trial Report," particularly as it was never submitted to the Court or Plaintiff. Absent some indication that the work performed and billed by defense counsel is unreasonable, the Court will not question the trial preparation of defense counsel in this case, whether or not such preparation was provided to the Court or Plaintiff. In fact, based on the billing records, it appears that such document(s) may have been prepared for the client (Defendant). Such correspondence is typical in a case that goes to trial, however, as counsel must lay out the case in advising his or her client whether to go forward with a trial or to settle. With respect to the "Preparation of Trial Report" in

this case, the Court has not been directed to any evidence that the time billed by Defendant was unreasonable. Accordingly, the Court will not reduce Defendant's request with respect to the 2.9 hours for the "Preparation of Trial Report." Finally, Plaintiff does not specifically identify as unreasonable any other time entries submitted by Defendant, and the Court's review of the billing records submitted by Defendant reflect billing hours that are consistent with a typical trial litigation practices in a products liability case (except as previously noted above).

Accordingly, based on the foregoing, the Court will reduce the number of hours for which Defendant may recover and, correspondingly, the amount of the case evaluation sanctions to which Defendant is entitled. Instead of the $24,555.00 of attorney fees for 172.60 hours of work sought by Defendant, the Court concludes that Defendant is entitled to recovery of case evaluation sanctions in the amount of $21,990.00 for 153.1 hours of work (140.10 hours at $150/hour for the attorneys and 13 hours at $75/hour for the paralegal).

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion for Case Evaluation Sanction is GRANTED in the amount of $21,990.00.

IT IS SO ORDERED.

                                              S/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated: September 15, 2008

CERTIFICATE OF SERVICE

4

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 15, 2008.

S/Marie E. Verlinde
Case Manager
(810) 984-3290